UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA ELIZABETH ALDRICH,

       Plaintiff,                  CIVIL ACTION NO. 12-14208

vs.

COMMISSIONER OF                MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 10) AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 13)**

Plaintiff Melissa Aldrich seeks judicial review of the final decision of the Commissioner to deny her Title II and Title XVI applications for social security benefits. (Docket no. 1). Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 10) and Defendant's Motion for Summary Judgment (docket no. 13). With consent of the parties, this case has been referred to the undersigned for final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Docket no. 9). The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation pursuant to E.D. Mich. L.R. 7.1(f)(2).

**I.    PROCEDURAL HISTORY:**

Plaintiff protectively filed applications for a period of disability, disability insurance benefits, and supplemental security income on February 16, 2009, alleging disability beginning October 20, 2007. (TR 90-102, 109). The Social Security Administration denied benefits and Plaintiff filed a timely request for a *de novo* hearing. On June 28, 2011 Plaintiff appeared with counsel in Flint,

1

Michigan and testified at a video hearing held by Administrative Law Judge (ALJ) Nancy Lisewski, who presided over the hearing from San Jose, California. (TR 55-65). Vocational Expert (VE) Pauline McEachin also appeared and testified at the hearing. In a July 21, 2011 decision the ALJ found that Plaintiff was not entitled to disability benefits because the evidence showed that there were a significant number of jobs existing in the national economy that she could perform. (TR 10-17). The Appeals Council declined to review the ALJ's decision and Plaintiff filed a complaint for judicial review. The parties filed cross Motions for Summary Judgment which are currently before the Court.

## II.     PLAINTIFF'S TESTIMONY AND MEDICAL EVIDENCE

### A.     Plaintiff's Testimony

Plaintiff was thirty-three years old at the time of her alleged onset of disability. (TR 16). She testified that she has excruciating pain in her left leg that prevents her from working. (TR 59). She reported that her medication side effects include extreme drowsiness, nausea, headaches, and forgetfulness. Plaintiff claimed that she often takes daytime naps and stated that she is too exhausted to perform a job with a sit/stand option. (TR 61). She testified that she takes care of her five minor children when her partner is not available to do so, and she handles the cooking. (TR 60). Plaintiff testified that she can sit and stand for fifteen to twenty minutes at a time before she has to change positions to redistribute the weight on her left leg. She reported that she is able to surf the internet but otherwise she has minimal computer skills.

### B.     Medical Evidence

The parties did not set forth separate accounts of the medical record or challenge the ALJ's summary of the medical evidence. The Court, therefore, having reviewed the record in full, adopts

the summary of the medical evidence as set forth in the ALJ's opinion and will make references and citations to the medical evidence as necessary in response to the parties' arguments.

### III.   VOCATIONAL EXPERT TESTIMONY

The VE testified that Plaintiff worked as a dispatcher at a sedentary, skilled level; as a nurses aide at a heavy, semi-skilled level; and as a firefighter and emergency medical technician at a heavy, skilled level. (TR 62). The ALJ asked the VE to testify whether jobs were available for an individual with Plaintiff's age, education, and past relevant work experience who requires light work and who can engage in all postural activities on an occasional basis with no exposure to hazards or temperature extremes, but who is limited to simple repetitive tasks defined as jobs with a specific vocational preparation (SVP) code of one or two.[1] (TR 62). The VE testified that the hypothetical individual could perform light work as an information clerk (DOT 241.367-038) with an SVP of two; light, unskilled work as a security guard (DOT 372.667-010) with an SVP of two; and general office clerk positions (DOT 249.587-018), comprising 830,000 jobs nationally and 38,000 jobs in the region. (TR 63). The VE testified that the individual would have to be on task at least seventy-five to eighty percent of the time in order to maintain competitive employment.

Next the ALJ asked the VE whether jobs were available for an individual of Plaintiff's age, education and work experience who was limited to sitting two hours in an eight hour workday, standing and walking two hours, and who would miss four or more days of work each month. The

---

[1]"SVP is 'the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation'....The requisite time is ranked on a scale from one to nine, with nine representing the most time needed to learn a job." *Creech v. UNUM Life Ins. Co. of N. Am.*, 162 Fed. Appx. 445, 459 (6th Cir. 2006) (citing the Dictionary of Occupational Titles (DOT) app C ¶ II (4th Ed. 1991)). In the DOT, an SVP of one to two corresponds to unskilled work.

VE testified that this individual would not be capable of performing competitive employment.

## IV.     ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that although Plaintiff has not engaged in substantial gainful activity since her alleged onset date of October 20, 2007, and suffers from the severe impairments of chronic pain syndrome with left lower extremity focus, pain disorder associated with psychological factors and a general medical condition, and obesity, she did not have an impairment or combination of impairments that meets or equals the Listing of Impairments.  (TR 10-13).

The ALJ concluded that Plaintiff has the residual functional capacity (RFC) to perform light work involving simple, repetitive tasks with an SVP of one to two, with the further exception that she is limited to occasional climbing, balancing, stooping, kneeling, crouching, or crawling, and she must avoid unprotected heights, moving machinery, and temperature extremes.  (TR 13-15).  The ALJ concluded that although Plaintiff is not capable of performing her past relevant work, she is able to perform jobs that exist in significant numbers in the national economy.  Consequently, the ALJ concluded that Plaintiff is not under a disability as defined in the Social Security Act.  (TR 15-17).

## V.     LAW AND ANALYSIS

### A.     Standard Of Review

Pursuant to 42 U.S.C. § 405(g), the district court has jurisdiction to review the Commissioner's final decisions. Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a preponderance; it is " 'such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999).

**B.     Framework for Social Security Disability Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis. In the first four steps, Plaintiff was required to show that:

1. she was not engaged in substantial gainful employment; and
2. she suffered from a severe impairment; and
3. the impairment met or was medically equal to a "listed impairment;" or
4. she did not have the residual functional capacity to perform her past relevant work.

20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). If Plaintiff's impairments prevented her from doing her past relevant work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education and past work experience to determine if she could perform other work. If she could not, she would be deemed disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [plaintiff] has the vocational qualifications to

5

perform specific jobs." *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987) (citation omitted). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question if the question accurately portrays the plaintiff's physical and mental impairments. *Id.* (citations omitted).

**C.     Analysis**

The Social Security Act authorizes "two types of remand: (1) a post-judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (a sentence-six remand)." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence four remand, the Court has the authority to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing." 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, No. 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff argues that the ALJ formed an inaccurate hypothetical that failed to take into account her moderate deficits in concentration, persistence, or pace. The ALJ is required to present a hypothetical question that "accurately portrays [the plaintiff's] individual physical and mental impairments" in order for the VE's response to constitute substantial evidence. *Varley*, 820 F.2d at 779 (citations omitted). When the ALJ makes a finding that a claimant has moderate limitations in concentration, persistence or pace, "but does not specifically include that limitation in the

6

hypothetical question, the question is whether the ALJ used adequate alternate concrete job restrictions in the hypothetical question that suitably accommodated the worker's ... limitations." *Tinker v. Astrue*, No. 08-11675, 2009 WL 3064780, at *8 (E.D. Mich. Sept. 22, 2009). Findings of moderate limitations in concentration, persistence, or pace do not necessarily preclude "simple, routine, unskilled work." *Lewicki v. Comm'r*, No. 09-11844, 2010 WL 3905375, at *2 (E.D. Mich. Sept. 30, 2010) (citations omitted). However, a claimant with moderate deficits in concentration, persistence, or pace may be unable "to meet quotas, stay alert, or work at a consistent pace, even at a simple, unskilled, routine job." *Edwards v. Barnhart*, 383 F. Supp. 2d 920, 930 (E.D. Mich. 2005).

Courts in this district draw a distinction between cases in which a medical expert finds a moderate deficiency in concentration, persistence, or pace from those in which the ALJ independently finds such a limitation. "When the ALJ has found such a limitation, the ALJ must incorporate these limitations into the hypothetical questions." *McPhee v. Comm'r*, No. 11-13399, 2013 WL 1277889, at *2 (E.D. Mich. Mar. 27, 2013) (citations omitted). Furthermore, "[w]here the ALJ finds that a claimant has deficiencies in concentration, persistence and pace, [the] failure to account for such deficiencies in the hypothetical questions constitutes reversible error." *Kretzmer v. Comm'r*, No. 11-15623, 2012 WL 6642637, at *4 (E.D. Mich. Dec. 20, 2012) (citations omitted).

Here, the ALJ determined that Plaintiff has the relevant severe impairment of pain disorder associated with psychological factors and a general medical condition. Stating that she was giving Plaintiff the benefit of the doubt, the ALJ then made an independent finding that Plaintiff has moderate difficulties with regard to concentration, persistence, or pace which limit her to simple, repetitive tasks due to her pain complaints. (TR 13). The ALJ's review of the medical evidence pertaining to Plaintiff's mental condition states only that Plaintiff's mental status examinations are

7

unremarkable; her attention, concentration, memory, and abstraction are intact; her rate of cognition is normal; and her judgment is good. (TR 13-15). The ALJ then fashioned an RFC and posed hypothetical questions to the VE that merely limited Plaintiff to simple, repetitive tasks with an SVP of one or two. (TR 13, 62).

It is well established that the difficulty of a task does not necessarily equate to the difficulty of staying on task. *See e.g., Green v. Comm'r*, No. 08-11398, 2009 WL 2365557, at *10 (E.D. Mich. July 28, 2009). The VE testified that the hypothetical plaintiff could not sustain competitive employment if she was not capable of remaining on task or maintaining persistence or pace at least seventy-five to eighty percent of the work day. The ALJ did not address concentration, persistence, or pace limitations in her hypothetical questions. Without discussion from the ALJ, the Court is not able to assess whether the VE's testimony constitutes substantial evidence. Despite the fact that the medical evidence pertaining to Plaintiff's mental condition cited by the ALJ does not support her findings, the ALJ determined that Plaintiff has moderate deficiencies in concentration, persistence, or pace. The RFC and hypothetical questions to the VE fail to adequately account for these limitations. Accordingly, the Court finds that the Commissioner's denial of Plaintiff's claims for benefits must be reversed and this matter remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings in consideration of Plaintiff's moderate difficulties with concentration, persistence, or pace.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (docket no. 10) is **GRANTED**, Defendant's Motion for Summary Judgment (docket no. 13) is **DENIED**, and the decision of the Commissioner is reversed. This matter is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

Dated: September 25, 2013     s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: September 25, 2013     s/ Lisa C. Bartlett
                              Case Manager